**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-6718

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID LEE FOX,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, Chief District Judge.  (7:16-cr-00059-MFU-1)

Submitted:  March 29, 2024                    Decided:  April 23, 2024

Before WYNN and RICHARDSON, Circuit Judges, and MOTZ, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.  Judge Richardson dissents.

David Lee Fox, Appellant Pro Se.  S. Cagle Juhan, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lee Fox appeals the district court's order denying his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. The district court denied Fox's motion, finding that he failed to demonstrate extraordinary and compelling reasons for a sentence reduction. We vacate the district court's order and remand for further proceedings.

When deciding whether to reduce a defendant's sentence based on "extraordinary and compelling" circumstances under § 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185-86 (4th Cir. 2021). First, the district court decides whether "extraordinary and compelling" circumstances support a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Second, the district court considers whether granting a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Because the Sentencing Commission's policy statement applicable to defendant-filed motions for compassionate release had not been enacted when Fox filed his compassionate release motion, the district court was "empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (cleaned up). Third, the district court considers whether the 18 U.S.C. § 3553(a) factors, "to the extent that they are applicable," favor a sentence reduction. 18 U.S.C. § 3582(c)(1)(A).

We review a district court's denial of a compassionate release motion for abuse of discretion. *United States v. Malone*, 57 F.4th 167, 172 (4th Cir. 2023). "[A] district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially

2

recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Hargrove*, 30 F.4th 189, 195 (4th Cir. 2022) (internal quotation marks omitted).

A district court is not required to explicitly address each one of a movant's arguments in support of compassionate release. *High*, 997 F.3d at 187-88. Still, the district court must "set forth enough to satisfy our court that it has *considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decision making authority, so as to allow for meaningful appellate review." *Id.* at 190 (cleaned up); *see Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) ("Just how much of an explanation [is] require[d] . . . depends . . . upon the circumstances of the particular case.").

In his motion, Fox stated that he contracted COVID-19 in June 2020. Because Fox had shortness of breath, a persistent cough, and a fever, among other symptoms, the Bureau of Prisons (BOP) transferred him to an outside hospital, where he stayed for five days. In April and May of 2021, Fox received two doses of the COVID-19 vaccine. However, Fox argued that vaccination might not be sufficient to protect him because he had several health issues, vaccine effectiveness waned over time, and newer COVID-19 variants might resist the vaccine.

The Government opposed Fox's motion, arguing that his vaccination status meant that he could not demonstrate extraordinary and compelling reasons for relief. The Government also asserted that Fox was not entitled to relief considering the § 3553(a) factors.

3

In his reply brief, Fox argued that his two vaccine doses did not entirely immunize him from the risk of serious harm from COVID-19. Fox also stated that—following his compassionate release motion but before the district court decided the motion—the BOP transferred him, for a second time, to an outside hospital. Fox's medical records confirm that he remained at the hospital between December 29, 2021, and January 3, 2022, where doctors diagnosed Fox with pneumonia due to COVID-19. On January 11, 2022, after Fox returned to his BOP facility, he again tested positive for COVID-19.

The district court acknowledged that Fox suffered from medical conditions that increased his risk of serious harm from COVID-19 and noted that Fox had been diagnosed with COVID-19 in June 2020. The court determined, however, that Fox could no longer demonstrate a particularized susceptibility to COVID-19, or that he faced a risk of serious illness from COVID-19, because he had received two doses of the vaccine following his June 2020 illness. The court also found that Fox had recovered from a confirmed case of COVID-19 and that, at the time of the court's order, Fox's facility reported only two active COVID-19 cases. The court did not consider whether Fox was entitled to relief considering the § 3553(a) factors.

On appeal, Fox contends that the district court abused its discretion by applying a categorical rule that compassionate release based on COVID-19 is not warranted for inmates who have received two doses of the vaccine. The extraordinary and compelling reasons "inquiry is multifaceted and must take into account the totality of the relevant circumstances." *Hargrove*, 30 F.4th at 198. A district court does not abuse its discretion when it relies on a defendant's vaccination status "as *a* relevant factor" in its decision to

4

deny relief, rather than the only factor. *United States v. Bethea*, 54 F.4th 826, 832 (4th Cir. 2022); *see id.* at 833 (concluding that "[n]o fair reading of the record support[ed] defendant's] argument that the district court viewed vaccinations as a per se bar to § 3582(c)(1)(A) relief").

We conclude that the district court abused its discretion in denying Fox's compassionate release motion. The court appeared to rely almost exclusively on Fox's vaccination status in determining that he failed to demonstrate extraordinary and compelling reasons for relief. However, Fox had argued that he faced a serious risk of harm from COVID-19, despite having received two doses of the vaccine. Also, significantly, Fox supported this argument by demonstrating that he was hospitalized a second time—following both doses of the vaccine—for reasons related to COVID-19 illness. The court did not indicate whether it had considered Fox's second hospitalization or explain why Fox was not entitled to relief despite his postvaccination health issues. We are therefore unable to determine whether the district court adequately considered Fox's arguments.

Accordingly, we vacate the district court's order and remand for further proceedings. We express no opinion as to the merits of Fox's compassionate release motion. We dispense with oral argument because the facts and legal contentions are adequately presented the materials before this court and argument would not aid the decisional process.

*VACATED AND*
*REMANDED*

5